11-4473-cv
Davis v. N.Y.C. Health & Hosps. Corp.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of January, two thousand thirteen.

PRESENT:   BARRINGTON D. PARKER,
          REENA RAGGI,
          GERARD E. LYNCH,
                   *Circuit Judges*.

------------------------------------------------------------------------------------

MAURICE DAVIS,

                            *Plaintiff-Appellant*,

          v.                                        No. 11-4473-cv

THE NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, HARLEM HOSPITAL CENTER, METROPOLITAN HOSPITAL CENTER, JUNE BOBCOMBE, THE CITY OF NEW YORK,
                   *Defendants-Appellees*.

------------------------------------------------------------------------------------


APPEARING FOR APPELLANTS:    HARRY KRESKY, Esq., New York, New York.

APPEARING FOR APPELLEES:     ELLEN RAVITCH (Pamela Seider Dolgow, Phyllis Gail Calistro, *on the brief*), Assistant Corporation Counsel, *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Loretta A. Preska, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on September 30, 2011, is AFFIRMED.

Plaintiff Maurice Davis appeals from an award of summary judgment in favor of defendants on federal, state, and local claims of discrimination pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.; the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq.; 42 U.S.C. § 1985(2); N.Y. Exec. Law § 296; and N.Y.C. Admin. Code § 8-107.1; and retaliation for protected speech in violation of the First Amendment, see 42 U.S.C. § 1983.[1] We review an award of summary judgment de novo, viewing the record evidence in the light most favorable to Davis and drawing all reasonable inferences in her favor. See Townsend v. Benjamin Enters., Inc., 679 F.3d 41, 47 (2d Cir. 2012). We assume the parties' familiarity with the facts and record of the underlying proceedings, which we reference only as necessary to explain our decision to affirm.

---

[1] Insofar as Davis asserts that the record also supports a "whistleblower" claim under N.Y. Lab. Law § 740, the district court acted within its discretion in concluding that plaintiff could not amend her complaint to plead such a claim by including it for the first time in her opposition to summary judgment. See Grace v. Rosenstock, 228 F.3d 40, 53–54 (2d Cir. 2000); Wright v. Ernst & Young LLP, 152 F.3d 169, 178 (2d Cir. 1998). Thus, that claim is not properly before us.

2

1.    Disability Discrimination

Davis asserts that the district court erred in awarding summary judgment on her disability discrimination claims because the record reveals genuine issues of material fact as to whether (1) the position for which she sought a reasonable accommodation was that of staff nurse or head nurse, and (2) the accommodations she sought precluded her from performing the essential functions of either of these positions.  We disagree.

Any conflicts present in the record as to whether the position for which Davis sought accommodation was staff nurse or head nurse are not material to her claim because, as the district court correctly recognized, both positions require that the nurse be able to provide direct patient care.  Davis contends that direct patient care is only a marginal responsibility of a head nurse, see 29 C.F.R. § 1630.2(n)(1), whose fundamental responsibility is the supervision and coordination of such care by others.  The very document Davis relies on for this argument defeats it.  The listed responsibilities of a head nurse all serve to ensure proper patient care.  While a head nurse bears the responsibility for ensuring that the staff of nurses under her supervision provides that care, she must also be able to provide direct patient care herself whenever necessary.  This evidence would not permit a factfinder to conclude that direct patient care is not an essential function of the job of head nurse.

Thus, we consider what constitutes direct patient care, and whether Davis sought a reasonable accommodation to allow her to perform that essential job function. Defendants adduced evidence that direct patient care at a large metropolitan hospital requires a nurse to

3

be able to attend to the needs of patients at all times while on duty, to move and transport patients, and to respond to medical emergencies, including assisting a patient who has collapsed. The district court properly deferred to the employer's judgment that these functions were essential to the responsible provision of patient care in a hospital setting. See D'Amico v. City of New York, 132 F.3d 145, 151 (2d Cir. 1998). Indeed, Davis does not dispute this understanding of direct patient care, much less point to any evidence that it meant anything different in various departments at the hospitals at issue. Cf. Stone v. City of Mount Vernon, 118 F.3d 92, 95 (2d Cir. 1997) (citing record evidence that assignment to Fire Alarm Bureau and Fire Prevention Bureau involved "light duty" that did not include firefighting).[2] Instead, she questions defendants' professional judgment that nurses, including head nurses, must be capable of providing all aspects of such direct patient care. The law, however, does not afford a disabled individual the right to redefine, much less eliminate, the functions of a job deemed essential by an employer. It affords a right to such reasonable accommodations as will allow the disabled individual to perform those functions. See Shannon v. N.Y.C. Transit Auth., 332 F.3d 95, 100 (2d Cir. 2003) ("A reasonable accommodation can never involve the elimination of an essential function of a job.").

---

[2] In response to a leading question, the deputy director of defendants' Equal Employment Opportunity and Affirmative Action Office acknowledged that the duties of a head nurse can vary from department to department, but no evidence indicates that any such variance ever resulted in a head nurse being excused from the requirement that she be fully able to provide patient care herself throughout her time on duty.

4

Davis claimed that various infirmities precluded her from, among other things, any lifting of patients, as well as any pushing or pulling of wheelchairs, stretchers, or heavy carts. She further represented that she could not sit or stand in any one location for more than 20–30 minutes at a time. These limitations, which went beyond those accommodated by defendants in the past, would plainly prevent a nurse—whether a staff nurse or a head nurse—from providing direct care to hospital patients at all times while on duty, particularly if that care required lifting a patient, pushing a wheelchair or stretcher, or addressing an emergency that required the nurse to stand for more than 20–30 minutes. Davis did not seek, nor did defendants deny, an accommodation that would have allowed her to perform these functions despite her limitations. Rather, she sought to be excused permanently from performing these aspects of direct patient care while serving as a staff nurse or head nurse. Like the district court, we conclude as a matter of law that this request was not a reasonable accommodation. See id.[3]

Accordingly, summary judgment was properly entered in favor of defendants on Davis's disability claims.

---

[3] An employer's willingness to accommodate an employee's temporary inability to perform a job function while the employee recovers from some injury, does not render the job function inessential or support a conclusion that it can be eliminated permanently. See Norville v. Staten Island Univ. Hosp., 196 F.3d 89, 99 (2d Cir. 1999) ("[T]he employer [is not] obliged to create a new position to accommodate the employee.").

2.      First Amendment Retaliation

Davis claims that defendants violated her First Amendment rights by retaliating against her for complaining to her supervisors, the president of the Health and Hospital Corporation ("HHC"), and the New York State Nurses Association ("NYSNA") about supposedly illegal practices in Harlem Hospital's Eye Clinic. Although the district court did not specifically address this claim in granting summary judgment, on de novo review, we conclude that the matter was properly resolved in favor of defendants.

The Supreme Court has ruled that when "public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." Garcetti v. Ceballos, 547 U.S. 410, 421 (2006); see Weintraub v. Bd. of Educ., 593 F.3d 196, 203–04 (2d Cir. 2010), cert denied, 131 S.Ct. 444 (2010). That Davis's complaints about practices followed in the Eye Clinic were statements made pursuant to her official duties as the clinic's head nurse is evident from her memorandum to NYSNA acknowledging that she reported the conduct to her superiors because she "believe[d] in obeying HHC Policies and Procedures" and did "not want to lose [her] professional license because [she] did not report what was wrong." Appx. 68. Likewise, plaintiff's letter to the president of HHC stated that she was complaining about "an excessive abuse of power in[ ]terms of not following HHC's Policies and Procedures." Id. at 102. Because plaintiff spoke pursuant to what she herself perceived to be her official duties, her complaints do not

6

constitute protected speech. See Ross v. Breslin, 693 F.3d 300, 307 (2d Cir. 2012) ("Taking a complaint up the chain of command to find someone who will take it seriously does not, without more, transform [her] speech into protected speech made as a private citizen." (alteration in original; internal quotation marks omitted)); Anemone v. Metro. Transp. Auth., 629 F.3d 97, 115 (2d Cir. 2011) (rejecting argument that statements to a "neutral third party" were not made pursuant to official duties). Accordingly, plaintiff's First Amendment claim fails as a matter of law.

3.    Conclusion

We have considered plaintiff's remaining arguments and conclude that they are without merit. The award of summary judgment in favor of defendants is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

7